UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TEVIS and NANCY TEVIS,<br><br>Plaintiffs,<br><br>v.<br><br>CAL VET, aka and dba CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS<br><br>Defendant. | No. 2:15-cv-972-TLN-GGH-S<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO** |

This matter is before the Court on Plaintiffs Larry Tevis and Nancy Tevis's ("Plaintiffs") Application for Temporary Restraining Order (ECF No. 2). The Court has carefully considered Plaintiffs' motion. For the reasons set forth below, Plaintiffs' application is hereby DENIED.

Plaintiffs' complaint stems from the bankruptcy court's disposition of Plaintiffs' Chapter 13 bankruptcy. According to the Complaint, Defendant Cal Vet ("Defendant") "violated the Settlement and the Plaintiffs' Bankruptcy Chapter 13 Plan." (ECF No. 1 at ¶ 30.) In response, Plaintiff filed an Adversary against Defendant and was granted a restraining order to stop Defendant from taking possession of Plaintiffs' residence. (ECF No. 1 at ¶ 31.) On or about April 2015, the bankruptcy court ordered the Adversary be dismissed and ordered that Defendant could "take action to take possession of Plaintiffs' residence." (ECF No. 1 at ¶ 32.) Plaintiffs filed the instant action on May 5, 2015, alleging ten causes of actions against Defendant and

subsequently filed a motion for temporary restraining order.  (ECF No. 2.)

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

Here, Plaintiffs' motion fails to meet the requisite standard.  First, the motion itself does

1  not show that Plaintiffs are likely to succeed on the merits of their case.  In fact, Plaintiffs fail to
2  offer any legal support for their motion and instead says that this Court must grant relief to
3  prevent Plaintiffs from becoming homeless.  (ECF No. 2 at 2.)  Although the Court is empathetic
4  to Plaintiffs' situation, the Court cannot grant relief without a legal basis for doing so.  Plaintiffs'
5  assertion that they will lose their residence is not enough to grant relief.  Second, in essence
6  Plaintiffs are asking this Court to issue an order staying the bankruptcy court's order.  This Court
7  cannot do so.  Should Plaintiffs wish to challenge the bankruptcy court's ruling, they must follow
8  the appropriate procedure and appeal the bankruptcy court's ruling.
9       For the above reasons, Plaintiffs' Application for Temporary Restraining Order (ECF No.
10  2) is hereby DENIED.
11       IT IS SO ORDERED.
12  Dated:  May 6, 2015

Troy L. Nunley
United States District Judge