1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY TEVIS, et al.,                        No.  2:15-cv-0972 TLN GGH

12                  Plaintiffs,

13        v.                                     ORDER AND FINDINGS &
                                                 RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     VETERANS AFFAIRS,
15
                  Defendant.
16

17        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma

18   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

19   302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

20        First and foremost, the court should dismiss Nancy Tevis as a plaintiff because her

21   signature does not appear on the complaint.  Pursuant to Local Rule 131(b), all pleadings and

22   motions must be signed by a licensed attorney or the parties themselves if they are appearing in

23   pro se.  In addition, generally pro se litigants cannot represent anyone but themselves.  See Johns

24   v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro

25   se on his own behalf, he has no authority to appear as an attorney for others than himself.")

26   (internal quotations and citation omitted); C.E. Pope Equity Trust v. United States, 818 F.2d 696,

27   697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others).  The

28   operative complaint is signed only by Larry Tevis, who has not indicated he is a licensed

                                              1

1   attorney.  ECF No. 1 at 26.  Accordingly, the court should dismiss Nancy Tevis as a plaintiff

2   because her signature does not appear on the complaint, and Larry Tevis cannot represent her.[1]

3   With regards to plaintiff's application to proceed in forma pauperis, the court finds his affidavit

4   does not meet the showing required by 28 U.S.C. § 1915(a)(1).  Pursuant to federal statute, a

5   filing fee of $350.00 is required to commence a civil action in federal district court.  28 U.S.C.

6   § 1914(a).  The court may authorize the commencement of an action "without prepayment of fees

7   and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs

8   or give security therefor."  28 U.S.C. § 1915(a).  Plaintiff's affidavit, however, is simply not

9   complete.  Plaintiff states that he receives disability or workers compensation benefits but does

10   not specify how much he receives.  ECF No. 3.  Accordingly, plaintiff has made an inadequate

11   showing of indigency.  See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993);

12   California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v.

13   Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994).  Plaintiff will therefore be granted twenty (20)

14   days in which to file a second application to proceed in forma pauperis or submit the appropriate

15   filing fee to the Clerk of the Court.

16         The court will also recommend plaintiff's complaint be dismissed without leave to amend

17   because he has not stated any basis for the court's subject matter jurisdiction.  Plaintiff's

18   complaint is difficult to follow and includes very few facts.  Those factual allegations that are

19   included in plaintiff's complaint are disjointed and often have no clear relevance to his causes of

20   action.  What can be understood from plaintiff's complaint is that on February 2, 1998, plaintiff's

21   home was destroyed by a natural disaster.  ECF No. 1 at 4.  Shortly thereafter plaintiff and Nancy

22   Tevis (hereinafter "the Tevises") entered into a contract with CalVet (hereinafter "defendant")

23   related to the construction of a new house by Taylor's Capitol.  Id. at 4–5.  Defendant, however,

24   amended that contract without the Tevises' knowledge or consent in ways that plaintiff does not

25   explain.  Id. at 5.

26         Plaintiff also alleges that the Tevises entered into a series of settlement agreements with

27

28   [1]  In accordance with the foregoing, the court will refer to Larry Tevis as the only plaintiff in this
     matter for the remainder of this order.

2

1  defendant but does not explain what it was those agreements settled.  Id. at 5–6.  According to

2  plaintiff these agreements violated the California Health and Safety Codes 18000, *et seq.* and

3  were obtained by perpetrating fraud on the court.  Id.  Based on plaintiff's complaint the court can

4  also infer that by October 2004 the Tevises were in the middle of bankruptcy proceedings.  Id. at

5  6.  Plaintiff claims that defendant again perpetuated fraud on the court during these proceedings,

6  this time in order to take possession of plaintiff's residence.  Id.  Based on these facts, plaintiff

7  brings claims against defendant for fraud; negligence; breach of fiduciary duty; declaratory relief

8  and accounting; breach of contract; intentional infliction of emotional distress; negligent infliction

9  of emotional distress; and violation of 42 U.S.C. § 1983 and Health and Safety Code §§ 18000, *et*

10  *seq.* Id. at 12.

11         The court finds that plaintiff's § 1983 claim is so insubstantial and without merit that it

12  cannot form the basis for federal subject matter jurisdiction.  Accordingly, the court will

13  recommend that this matter be dismissed with prejudice.  The basic federal jurisdiction statutes,

14  28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.

15  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise

16  under a federal law or the United States Constitution, (2) allege a "case or controversy" within the

17  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369

18  U.S. 186, 198 (1962).  With regards to claims arising under federal law and the U.S. Constitution,

19  dismissal for want of jurisdiction is generally inappropriate as long as a plaintiff alleges a

20  colorable federal claim for relief.  Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

21  979 (9th Cir. 2012).  "[A] federal court may dismiss a federal question claim for lack of subject

22  matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly

23  appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a

24  claim is wholly insubstantial and frivolous.'"  Id. at 975.

25         Although plaintiff's complaint includes a section dedicated to his § 1983 claim, he does

26  not actually allege in that section (or anywhere else) that defendant violated any of his

27  constitutional rights or otherwise violated federal law.  ECF No. 1 at 9–11.  Instead, plaintiff

28  alleges in a conclusory fashion that defendant made material misrepresentations to him and that

3

1  he relied on those misrepresentations to his detriment.  Id.  These allegations are repeated

2  throughout plaintiff's complaint for every claim.  In light of plaintiff's failure to include any facts

3  relevant to his federal claim or even a basis for the alleged violation of his constitutional rights,

4  the court finds that his claim is immaterial, frivolous, and made solely for the purpose of

5  obtaining federal jurisdiction.[2]

6        Plaintiff also has not alleged facts that would establish the existence of diversity

7  jurisdiction.  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state

8  citizenship must be diverse from each defendant, and the amount in controversy must exceed

9  $75,000.  Plaintiff is a citizen of California, and defendant is a California state agency.  ECF No.

10  1 at 3.  Accordingly, diversity jurisdiction does not exist because plaintiff and defendant are not

11  diverse.

12        The court will recommend that plaintiff's complaint be dismissed because amendment

13  would be futile.  "[F]ederal courts are instructed to 'freely give leave [to amend] when justice so

14  requires.'"  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as

15  amended (Feb. 10, 2009).  District courts, however, may deny leave to amend "due to 'undue

16  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

17  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

18  of the amendment, [and] futility of amendment.'"  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d

19  522, 532 (9th Cir. 2008).  Plaintiff has not alleged any facts that would support a federal claim,

20  and in light of previous bankruptcy litigation, the present complaint appears to be redundant at

21  best and a spite claim at worst.  Accordingly, the court finds that leave to amend would be futile

22

23  [2]  It is worth noting that plaintiff's complaint is also very similar to one filed by the Tevises in a
    separate adversary proceeding.  See Larry Tevis, et al. v. Dep't of Veterans Affairs, et al., Case

24  No. 2:08-ap-2004 (Bankr. E.D. Cal. Jan. 2, 2008).  The original adversary complaint included all
    of the causes of action that appear in this complaint, except for the § 1983 claim.  Id.  Moreover,

25  much like plaintiff's complaint in this action, plaintiff's initial adversary complaint rested on
    allegations of a wide variety of fraudulent conduct and breaches of contract.  Id.  The Tevises'

26  adversary complaint also included the same conclusory language about defendant's alleged
    fraudulent misrepresentations with little to no supporting factual allegations.  Id.  The bankruptcy

27  court dismissed the Tevises' adversary claims on March 25, 2015, id. at ECF No. 673, however
    the Tevises filed a notice of appeal on April 3, 2015, id. at ECF No. 680.

28

1   and will recommend that plaintiff's complaint be dismissed with prejudice.

2          In accordance with the foregoing, THE COURT HEREBY ORDERS that:

3          1.  Plaintiff's motion to proceed in forma pauperis, ECF No. 3, is DENIED with leave to

4              amend.  Within twenty days from the date of service of this order, plaintiff shall

5              submit the appropriate filing fee or file a second application to proceed in forma

6              pauperis.

7          THE COURT FURTHER RECOMMENDS that

8              1.  Nancy Tevis be DISMISSED as a plaintiff in this matter; and

9              2.  plaintiff's complaint be DISMISSED without leave to amend.

10         These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

14  document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  Any response to the objections shall be filed with the court and served on all

16  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

17  objections within the specified time may waive the right to appeal the District Court's order.

18  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57

19  (9th Cir. 1991).

20  Dated: July 2, 2015

21                          /s/ Gregory G. Hollows

22                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

5